### William P. MILLER
v.
**Paul C. LACY, David A. Lacy, Jr., W. A. Logan, F. G. Nichol, Republic National Bank and First National Bank.**
### Civ. No. 6337.

United States District Court
N. D. Texas, Dallas Division.
Dec. 22, 1955.

Thompson, Coe & Cousins, Dallas, Tex., and John Howard, Memphis, Tenn., for plaintiff.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Tex., and John Mack, Memphis, Tenn., for defendants.

ATWELL, District Judge.

This application is for a restraining order by the plaintiff who is a resident of Tennessee, against the defendants, both personal and corporate, who are residents of Dallas, Texas, to restrain the defendants from continuing with telephones in the Memphis, Tennessee, office, in the carrying on of a brokerage business, and also from continuing to use the office space in the same city, for the same business.

The plaintiff and personal defendants are the members of a partnership which was formed some years ago and which gives the right of withdrawal of any member at a certain time. Notice of the withdrawal was signed by the defendants Lacy et al. to plaintiff Miller, suggesting such withdrawal to be late in December. After such notice, the parties agreed that the date of withdrawal would be early in January, 1956, instead of late in December, 1955, and thereby save some income tax payments.

As the time for the dissolution drew near, there was a difference of opinion as to the right of partner Miller to continue in the brokerage business at Memphis, and to use the telephones and the same office that had theretofore been leased by the partnership.

I find that the use of the telephone numbers is in the hands of the telephone company and not in the hands of a court of equity. That the same observation is true as to the rooms used in the rented building for such business; that being a matter that is within the power and control of the owner of the premises.

The testimony fails to disclose any evidence of a threat, or, desire, or, inclination by the defendants to appropriate any portion of the funds that are in the two banks in Dallas which belong to plaintiff Miller as such partner.

I, therefore, dismiss the bill without prejudice to refiling if and when it becomes apparent that any of the funds that belong to Miller in these two defendant banks are taken out, or, about to be taken out, and deny the restraining order prayed.

The questions decided here are so academic that it seems useless to cite any authorities.